# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GILROY PERCY MERRILL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1212** |
| **ST. BERNARD PARISH PRISON, ET AL.** | **SECTION "E" (5)** |

## REPORT AND RECOMMENDATION

On September 30, 2013, *pro se* plaintiff, Gilroy Percy Merrill, filed this complaint under 42 U.S.C. 1983, against St. Bernard Parish Prison, Warden David Mowers, Lt. Myers, Deputy Goole, Sgt. Trent Acosta and Lt. DeRoach. Additional *pro se* plaintiffs, Marvin Santiago, Aron Saucio, Brian Lovalais and Paul Boudreaux, signed the complaint as well.[1] In the complaint, plaintiffs alleged inadequate medical care, cruel and unusual punishment based on conditions in lockdown, and loss of personal property.

Plaintiffs' complaint did not include either an application to proceed *in forma pauperis* or the filing fee required by law, 28 U.S.C. § 1915. In an attempt to remedy the deficiency, the Clerk's Office mailed several notices to Merrill at his last known addresses, along with the proper form application to proceed *in forma pauperis*. These notices were all returned as

---

[1] Two additional listed plaintiffs, Damion T. Daniel and Keith McGee, neither signed the complaint form nor supplied the Court with a pauper application or applicable filing fee. These individuals shall not be considered as plaintiffs in this lawsuit.

undeliverable.

After months of inactivity, the undersigned issued an order entered on July 9, 2014.[2] The order included a form copy of an application to proceed without prepayment of fees and affidavit. Merrill was given a period of time, up to and including July 25, 2014, to pay the required filing fee or file an application to proceed *in forma pauperis*. This Court's order warned plaintiff that his complaint would be subject to dismissal if he did not comply. This order too was returned to the Court as undeliverable. On August 14, 2014, a final court order was issued to all of the plaintiffs allowing additional time within which to submit a pauper application or filing fee and again warning of the consequences associated with a failure to comply.[3] To date, plaintiffs have not complied with this Court's orders to file a motion to proceed *in forma pauperis* or submit the necessary filing fee.

Furthermore, this Court's Local Rules provide: "Each attorney and *pro se* litigant has a continuing obligation promptly to notify the court of any address or telephone number change." E.D. La. Loc. R. 11.1. Plaintiffs were made aware of this continuing obligation to keep the Court informed of their whereabouts. The complaint form used by plaintiffs to institute this action contains the following declaration signed by plaintiffs: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4] Because plaintiffs have failed to meet their obligation under the Local Rules, the Court has no way to

---

[2] Rec. Doc. No. 5.

[3] Rec. Doc. No. 10.

[4] Record Doc. No. 1, Complaint at ¶ VI.

contact them or to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiffs' complaint for want of prosecution.[5] The authority of a federal trial court to dismiss a plaintiffs' action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir.1976).

Plaintiffs have been afforded ample time and opportunity to respond to the Court's orders regarding the filing of this complaint. Plaintiffs have failed to pay the filing fee or submit an application to proceed *in forma pauperis.* Furthermore, plaintiffs have not communicated with the Court or pursued prosecution of this case. Therefore, the complaint should be dismissed for failure to prosecute.

---

[5] As the docket sheet reflects, mail from this Court addressed to the majority of the plaintiffs at their address of record was returned by the United States Postal Service as undeliverable. This serves as an additional basis for dismissal under this Court's local rules, which provide:

> The failure of an attorney or *pro se* litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

E.D. La. Loc. R. 41.3.1.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(*en banc*)(citing 28 U.S.C. §636(b)(1)).[6]

New Orleans, Louisiana, this 19th day of September, 2014.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.